UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEONDRA BROOKS | CIVIL ACTION |
| VERSUS | NO. 25-2191 |
| ZACHRY CONSTRUCTION COMPANY, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion filed by defendant KZJV, LLC ("KZJV").[1] KZJV requests that the Court dismiss plaintiff Deondra Brooks's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, that the Court order Brooks to provide a more definite statement pursuant to Rule 12(e) and strike the allegations contained in paragraphs VIII(e) and IX(f) of Brooks's complaint.[2] The motion is set for submission on January 8, 2026.[3] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance December 31, 2025. Brooks, who is represented by counsel, did not file an opposition to the motion.

Brooks claims that she was injured when an unidentified KZJV employee, operating a KZJV-owned vehicle, collided with a stationary golf cart on which she was a passenger.[4] It appears that Brooks claims KZJV is vicariously liable for the acts of its employee and directly liable as the owner of the vehicle involved in the collision.[5] However, in her complaint, Brooks

---

[1] R. Doc. 7.
[2] *Id.* at 1.
[3] R. Doc. 7-3 at 1.
[4] R. Doc. 1-2 at 25.
[5] *Id.* at 25-26.

fails to allege any factual information to support a finding of an employment relationship between KZJV and the unidentified driver or to identify the make and model of the vehicle allegedly owned by KZJV. Brooks also fails to allege factual information regarding whether the unidentified employee was in the course and scope of his employment, including the driver's conduct or the specific time and location of the accident.

In the pending motion, KZJV first requests a dismissal of Brooks's complaint pursuant to Rule 12(b)(6). In the alternative, KZJV requests that the Court strike the allegations contained in paragraphs VIII(e) and IX(f) of Brooks's complaint pursuant to Rule 12(f) and order Brooks to provide a more definite statement pursuant to Rule 12(e). Like dismissal, "[s]triking a pleading is a 'drastic remedy'" which "'should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Shintech Inc. v. Olin Corp.*, 723 F. Supp. 3d 546, 558 (S.D. Tex. 2024) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). The Court thus finds that neither dismissal nor striking the allegations at this stage is an appropriate remedy.

Nevertheless, a court may require a litigant to provide a more definite statement pursuant to Rule 12(e) where a "complaint is 'so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 650 (E.D. La. 2022) (quoting *Phillips v. ABB Combustion Eng'g, Inc.*, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013)). The allegations in Brooks's complaint relating to the vicarious liability of KZJV, the KZJV vehicle allegedly involved in the accident, and the employment relationship between KZJV and the unidentified driver of the vehicle appear to meet this standard. Accordingly, because the unopposed motion for a more definite statement has merit,

IT IS ORDERED that KZJV's motion to dismiss, or in the alternative, for a more definite statement and to strike allegations in plaintiff's complaint is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 12(e), Brooks must provide a more definite statement by filing an amended complaint that provides more factual detail as to KZJV's vicarious liability, the KZJV vehicle allegedly involved in the accident, and the employment relationship between KZJV and the unidentified driver of the vehicle within 14 days of this order.

New Orleans, Louisiana, this 6th day of January, 2026.

                                                        BARRY W. ASHE
                                                        UNITED STATES DISTRICT JUDGE